UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist JAMEL M. THOMPSON
 United States Army, Appellant

 ARMY 20071253

 Headquarters, I Corps and Fort Lewis
 Michelle Shields, Military Judge
 Colonel Jeffrey C. McKitrick, Staff Judge Advocate

For Appellant: Mr. Jonathan W. Crisp, Esquire (argued); Captain Michael E.
Korte, JA; Mr. Jonathan W. Crisp, Esquire (on brief).

For Appellee: Captain Joshua W. Johnson, JA (argued); Colonel Norman F. J.
Allen, III, JA; Lieutenant Colonel Martha L. Foss, JA; Major Adam S. Kazin,
JA; Captain Joshua W. Johnson, JA (on brief).

 19 March 2010

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------
Per Curiam:

 Appellant asserts, among other assignments of error, that the
military judge committed legal error by improperly admitting DNA evidence
and dog track evidence. Appellant avers, inter alia, that the military
judge erred when she “failed to adequately balance the prejudicial effect
of admitting dog track evidence against its questionable relevance” and
asserts the DNA evidence taken from a sock found at the victim’s residence
was unreliable.

 We review a military judge’s decision to admit evidence for an abuse
of discretion. United States v. Sanchez, 65 M.J. 145, 148 (C.A.A.F. 2007).
 “‘When judicial action is taken in a discretionary matter, such action
cannot be set aside by a reviewing court unless it has a definite and firm
conviction that the court below committed a clear error of judgment in the
conclusion it reached upon a weighing of the relevant factors.’” Id.
(quoting United States v. Houser, 36 M.J. 392, 397 (C.M.A. 1993)).
 We find the military judge did not abuse her discretion in admitting
either the DNA evidence or dog track evidence. Additionally, we find the
military judge’s written rulings were sufficient to support her Military
Rule of Evidence 403 analysis (i.e., the totality of her factual findings,
the legal framework she relied upon, and a statement expressly stating she
found that the probative value of the proffered evidence was not
substantially outweighed by unfair prejudice, confusion of the issues, or
misleading the members). Even if this court were to apply a less
deferential standard of review for the admission of such evidence, we find
the record supports the military judge’s admission of the evidence. See
United States v. Berry, 61 M.J. 91, 97 (C.A.A.F. 2005).

 Considering the entire record both parties’ briefs and oral arguments,
we find appellant’s assignments of error to be without merit. The findings
of guilty and the sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court